

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT

2011 DEC -9 P 2:06

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Abdul Karim Hassan,

             Plaintiff,

-v-

The State of Utah, and
Greg Bell,
In his official capacity as Lieutenant Governor of the
State of Utah,

             Defendants.

Civ. Action #:

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

Case: 2:11-cv-01145
Assigned To : Warner, Paul M.
Assign. Date : 12/9/2011
Description: Hassan v. State of Utah et al

Plaintiff, Abdul Karim Hassan, pro se, ("Plaintiff" or "Hassan"), complaining of Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a naturalized American citizen and a candidate for the Presidency of the United States seeks a judgment: 1) declaring Defendants' requirement (Ex. 1) that Plaintiff be a natural born citizen and execute a declaration of candidacy for President stating that he is a natural born citizen in order to gain access to the Utah Presidential ballot is invalid under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution because of the "natural born" requirement; and 2) declaring that the natural born provision of the U.S. Constitution is irreconcilable with and has been trumped, abrogated and implicitly repealed by the equal protection guarantee of the Fifth and Fourteenth Amendments, as well as the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment; and 3) declaring that the conduct of the Utah Lieutenant Governor in refusing to accept a declaration of candidacy for President from Plaintiff and/or in denying Plaintiff access to the Utah Presidential ballot because of his national origin, violates the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution; 4) enjoining the Utah Lieutenant Governor and the State of Utah from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential election

1

1

ballot in Utah; 5) awarding Plaintiff costs and attorney's fees; and 6) granting Plaintiff such other, further and different relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves questions of federal law.

3.  Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b).

4.  This Court is empowered to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.  Plaintiff Abdul Karim Hassan ("Plaintiff" or "Hassan") is an adult individual over the age of eighteen years currently residing in Queens County in the State of New York.

6.  Plaintiff Hassan is a 2012 candidate for the Presidency of the United States.

7.  Defendant Greg Bell is the Lieutenant Governor of the State of Utah who administers Utah's election laws and is responsible for and administers the process of placing candidates on the presidential ballot in Utah and is located at: Utah State Capitol, Suite 220, Salt Lake City, Utah 84114.

8.  The State of Utah is one of the States that comprise the United States of America. The State is represented by its Attorney General located at: Utah State Capitol Complex, 350 North State Street Suite 230, Salt Lake City, Utah 84114.

## STATEMENT OF FACTS

9.  Petitioner Abdul Karim Hassan was born in 1974 in the country of Guyana. See also http://www.youtube.com/watch?v=7Cd18lsx1ls .

10.    Petitioner's race is East Indian.

11.    Petitioner is a naturalized American citizen who was naturalized within the United States
       and took the oath of citizenship at a United States District Court in New York City.

12.    Petitioner satisfies all of the constitutional requirements for holding the Office of
       President of the United States except the requirement of natural born status. See U.S.
       Constitution, Article II, Section 1, Clause 5 ("Natural Born Clause").

13.    In March 2008, petitioner announced his candidacy for the Presidency of the United
       States through his presidential website at www.abdulhassanforpresident.com.

14.    Petitioner is currently focused on the 2012 presidential elections but if he is not
       successful in 2012, petitioner intends to continue his current campaign without
       interruption until the next presidential elections in 2016.

15.    Since the announcement of his candidacy in March 2008, petitioner has used and will
       continue to use without interruption, his presidential website in much the same way as the
       leading presidential candidates – to promote and communicate his candidacy, issue
       positions and campaign to voters and the public.

16.    Plaintiff has also been communicating this message to the American public through
       Youtube.com.

17.    In order to compliment and improve the use of the website, petitioner has purchased and
       paid for a national presidential advertising campaign through Google. This advertisement
       has been running and will continue to run and it links to petitioner's presidential website.

18.    In addition, petitioner has done interviews with and has been covered by both print and
       broadcast media.

19.    Petitioner's presidential candidacy and campaign have also been covered widely on the
       internet as a quick online search will reveal.

20.    This growth in petitioner's presidential campaign and candidacy has resulted in
       thousands of hits each month to petitioner's presidential website from all across the
       country and the growth continues.

21.    Petitioner will continue to build on this initial success and continue to promote his
       candidacy and ideas to more and more voters in Utah and across the country.

22.    Since announcing his presidential candidacy in March 2008, petitioner has paid annual
       registration fees for his presidential website domain names, and in addition, petitioner has
       paid monthly fees to host and operate his presidential website. Petition has also been

4                                                    4

paying monthly fees for a nationwide advertising campaign that links to petitioner's

presidential website. Petitioner has also expended time and effort in developing the site's

infrastructure and content.

23.     On September 2, 2011, the Federal Election Commission ruled that plaintiff as a

naturalized American citizen running for President of the United States is covered by the

Federal Election Campaign Act ("FECA") and related laws and that plaintiff is required

to comply with the record-keeping, expenditure and other requirements of the federal

election laws and plaintiff has been and will continue to spend money, time and effort to

comply with these requirements. (See FEC ruling at

http://www.abdulhassanforpresident.com/fec)

24.     In July 2011, Plaintiff asked Defendants whether his status as a naturalized American

citizen will prevent him from being placed on the Utah presidential ballot.

25.     By letter dated August 2, 2011, Defendants responded to Plaintiff's and stated that (See

Exhibit 1):

> Dear Mr. Hassan,
>
> I write in response to your letter dated July 18, 2011, regarding placement on the
> Utah ballot as a candidate for President of the United States. In your letter you
> asked if you would be placed on the ballot, assuming you meet all the
> requirements with the exception of being a natural born citizen of the United
> States. In Utah, you would not be given access to the ballot in this instance.
>
> Utah allows candidates for President of the United States to file in person or to
> designate agent to file in person on their behalf. Each candidate (or his or her
> designated agent) is required to take an oath attesting that the candidate is
> qualified to hold the Office of President both legally and constitutionally.

5                                                5

Specifically, they will be asked to sign and attest to the qualifications, including the constitutional requirement that the candidate be a naturally born citizen of the United States. Any person that cannot answer affirmatively will have their filing denied.

26. The first legally required step to gain access to the Utah presidential ballot is to file a declaration of candidacy for President and the form of the various declarations as prescribed by Defendants all require Plaintiff to state under oath and penalty of perjury that he is a natural born citizen but Plaintiff is a naturalized citizen. (See Ex. 1). See also[1].

27. Because Plaintiff is not a natural born citizen, he cannot sign the required declaration of candidacy for President under oath as required by Defendants because to do so would constitute a crime and would be false.

28. Because of Defendants' use of the natural born requirement and the related declaration of candidacy for President and their refusal to place Plaintiff on the Utah Presidential ballot because he is a naturalized citizen, Plaintiff has been denied any chance of getting on the presidential ballot in the State of Utah unless Plaintiff prevails in this lawsuit.

29. If he wins this case, Plaintiff will immediately execute and file Utah's declaration of candidacy for President.

## AS AND FOR A FIRST CAUSE OF ACTION
## U. S. Constitution, 14th and 5th Amendments & Article II, Section 1, Clause 5

---
[1]

http://www.elections.utah.gov/Media/Default/Documents/Voter_Forms/Forms/2012%20Presidential%20Election%20General%20Requirements.pdf

6                              6

30.     Plaintiff incorporates the allegations in paragraphs 1 through 29 above as if set forth fully
        and at length herein.

31.     The Citizenship Clause of the Fourteenth Amendment, Section 1, states in relevant part
        that :

                        All persons born or naturalized in the United States, and subject to the
                        jurisdiction thereof, are citizens of the United States and of the state
                        wherein they reside.

32.     The Privileges and Immunities Clause of the Fourteenth Amendment, Section 1, states in
        relevant part that :

                        No state shall make or enforce any law which shall abridge the privileges
                        or immunities of citizens of the United States

33.     The Equal Protection Clause of the Fourteenth Amendment, Section 1, states in relevant
        part that :

                        No state shall ... deny to any person within its jurisdiction the equal
                        protection of the laws.

34.     Given that the Defendant's natural born requirement and the related declaration of
        candidacy for President, as interpreted by the Utah Lieutenant Governor (See Ex. 1)
        discriminate against Plaintiff because of his status as a naturalized citizen – his national
        origin, they violate Plaintiff's rights under the Equal Protection Clause, the Citizenship
        Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. See
        United States v. Virginia, 518 U.S. 515, 532 n. 6 (1996) (noting that "[t]he Court has thus
        far reserved most stringent judicial scrutiny for classifications based on race or national
        origin"). See also Afroyim v. Rusk, 387 U.S. 253, 262 (1967) (stating without exception

as to presidential eligibility that, "(The naturalized citizen) becomes a member of the society, possessing all the rights of a native citizen, and standing, in view of the constitution, on the footing of a native."

35.     Defendants, in refusing to provide Plaintiff with access to the Utah Presidential ballot because of his national origin and status as a naturalized American citizen (See Exhibit 1), violated and are violating Plaintiff's rights under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. See Afroyim v. Rusk, 387 U.S. 253, 262 (1967).

36.     The natural born clause of the U.S. Constitution, including the invidious national origin discrimination contained therein, is irreconcilable with and is trumped, abrogated and implicitly repealed by the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment as well as the Equal Protection guarantee of the Fifth Amendment – all of which prohibit such national origin discrimination. See McDonald v. City of Chicago, Ill. 130 S.Ct. 3020, 3060 (2010), ("[invidious discrimination is] irreconcilable with the principles of equality, government by consent, and inalienable rights proclaimed by the Declaration of Independence and embedded in our constitutional structure."). See also Adarand v. Pena, 515 U.S. 200, 213 (1995), reiterating that, "[d]istinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality."

37.   The U.S. Supreme Court has also described its decision in <u>Dred Scott v. Sandford</u>, 60
      U.S. 393 (1857), to choose constitutional discrimination over constitutional equality as a
      great "self-inflicted wound[2]." <u>South Carolina v. Regan</u>, 465 U.S. 367, 412 (1984).

38.   Upholding the invidious discrimination in the Natural Born Clause in light of the equal
      protection guarantees of the Fourteenth and Fifth Amendments, will be another great
      "self-inflicted wound." Plaintiff is therefore entitled to the declaratory and injunctive
      relief requested herein.

39.   See also http://www.youtube.com/watch?v=pXiTsYGWZjM .

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

40. Declare that Defendants' requirement (Ex. 1) that Plaintiff be a natural born citizen and
    execute a declaration of candidacy for President stating that he is a natural born citizen in
    order to gain access to the Utah Presidential ballot is invalid under the Equal Protection
    Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth
    Amendment of the United States Constitution because of their "natural born" requirement;

41. Declare that the natural born provision of the U.S. Constitution is irreconcilable with and has
    been trumped, abrogated and implicitly repealed by the equal protection guarantee of the
    Fifth and Fourteenth Amendments, as well as the Citizenship Clause and the Privileges and
    Immunities Clause of the Fourteenth Amendment;

42. Declare that the conduct of the Utah Lieutenant Governor in refusing to accept a declaration
    of candidacy for President from Plaintiff and/or in denying Plaintiff access to the Utah

---

[2] See http://www.supremecourt.gov/publicinfo/speeches/sp_03-21-03.html - In reference to the Dredd Scott
decision, then Chief Justice Rehnquist said in a 2003 speech that 'It was rightly referred to by a later Chief Justice as

9                                       9

Presidential ballot because of his national origin, violates the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution;

43. Enjoin the Utah Lieutenant Governor and the State of Utah from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential election ballot in Utah;

44. Award Plaintiff costs and attorney's fees; and

45. Grant Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**December 8, 2011**

Respectfully submitted,

*Abdul Hassan*

Abdul K. Hassan, Esq.
*Plaintiff, Pro Se*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Email: abdul@abdulhassan.com

---

a "self-inflicted wound" from which it took the Court at least a generation to recover.